IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS A. MOROCCO, | ) |
|                 Plaintiff, | ) No. 2:16-cv-1083 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| HEARST STATIONS, INC. d/b/a WTAE-TV, and MARCIE CIPRIANI, | ) ECF No. 8 |
|                 Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

LENIHAN, Magistrate Judge.

This state common law defamation and false light invasion of privacy action arises from Defendants' alleged publication of false and defamatory communications regarding Plaintiff's trafficking of a controlled substance while on duty as a local township inspector. Currently pending before the Court is Plaintiff's Motion for Remand (ECF No. 8).

Plaintiff instituted this civil action by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania ("State Court"), which was subsequently removed to this federal Court by Defendants, based upon diversity jurisdiction under 28 U.S.C. §1332. *See* Notice of Removal at ¶6 (ECF No. 1). In their Notice of Removal, Defendants state that complete diversity of citizenship exists between Plaintiff, a citizen

of the Commonwealth of Pennsylvania, and Hearst Stations, a citizen of the states of Nevada and New York.[1]  *Id.* at ¶¶10-12.  As to the remaining Defendant, Cipriani, it appears that she is a citizen of the Commonwealth of Pennsylvania.[2] Nonetheless, Defendants submit that Cipriani has been fraudulently joined, and therefore, her citizenship can be disregarded for purposes of determining diversity.  *Id.* at ¶¶ 13, 19.

Plaintiff now seeks an order remanding this case to State Court.  In support, he argues that Defendants have not met their heavy burden of showing that "there is no reasonable basis in fact or colorable ground supporting the [defamation and false light] claim[s] against [Cipriani], or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment[,]" for the Court to find that Cipriani was fraudulently joined.  *In re Briscoe,* 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992)) (internal quotation marks omitted).  As such, Plaintiff submits that this case should be remanded to State Court for lack of subject matter jurisdiction.  The Court agrees with Plaintiff.

Section 1441 of Title 28, United States Code, governs the removal of a case to federal court.  Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

---

[1] The citizenship of Plaintiff and Hearst Stations is not disputed.

[2] Although Defendants do not state the citizenship of Cipriani in their Notice of Removal, the Complaint alleges that Cipriani is a citizen of the Commonwealth of Pennsylvania at all relevant times.  Compl., ¶6 (ECF No. 1-1).  In evaluating the fraudulent joinder exception to complete diversity of citizenship, the Court is required to focus on the Complaint at the time the notice of removal was filed, and must assume that all factual allegations in the complaint are true.  *In re Briscoe,* 448 F.3d 201, 217 (3d Cir. 2006) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992)).

. . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)); *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005). Where a motion for remand is filed, the defendant has the burden of proving that removal was proper. *Sikirica,* 416 F.3d at 219 (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004)).

When a state court action has been removed to federal court based on diversity of citizenship, as in the present case, complete diversity of citizenship of the parties must exist and none of the defendants may be a citizen of the forum state. 28 U.S.C. §1441(b); *In re Briscoe,* 448 F.3d at 215 (citation omitted). The doctrine of fraudulent joinder provides an exception to this rule. *In re Briscoe,* 448 F.3d at 215-16 (citation omitted). In order for this exception to apply and thus provide a basis for this Court's subject matter jurisdiction, the removing party must "establish that the non-diverse [party was] 'fraudulently' named or joined solely to defeat removal jurisdiction." *Id.* at 216. If a court concludes that a party was fraudulently joined, "the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999)).

However, if the court finds that the joinder was not fraudulent and therefore it lacks subject matter jurisdiction over the removed action, the matter must be remanded to state court. *Id.* (citing 28 U.S.C. §1447(c)). In making this determination, the Court may look beyond the pleadings to identify indicia of fraudulent joinder. *Id.* at 219 (citing *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26 (3d Cir. 1985)). However, in doing so, the court of appeals cautioned that a "district court must not step 'from the threshold jurisdictional issue into a decision on the merits.'" *Id.* (citing *Boyer,* 913 F.2d at 112; *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir. 1992)).[3]

The court of appeals has delineated the following standards to be applied in a fraudulent joinder analysis:

> [T]he removing party carries a heavy burden of persuasion in [demonstrating fraudulent joinder]. It is logical that it should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.
>
> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must

---

[3] The court's inquiry into a fraudulent joinder claim is less demanding than the inquiry undertaken in ruling on a motion to dismiss under Rule 12(b)(6)—"simply because a claim against a party may ultimately be dismissed for failure to state a claim does not necessarily mean that the party was fraudulently joined." *In re Diet Drugs Prods. Liab. Litig.,* 294 F.Supp. 2d 667, 673 (E.D.Pa. 2003) (citing *Batoff,* 977 F.2d at 852) (other citation omitted).

4

> find that joinder was proper and remand the case to state court....
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*Id.* at 217 (quoting *Batoff,* 977 F.2d at 852). In other words, joinder will not be considered fraudulent unless the claims against the non-diverse party can be deemed "'wholly insubstantial and frivolous'[.]" *Id.* at 218.

In supporting their position that Cipriani was fraudulently joined, Defendants argue that Cipriani did not "publish" the alleged defamatory communications because she and other individual reporters do not operate or control what is ultimately published; only Hearst Stations through its News Director, possesses that authority and/or control.

Defendants' argument lacks merit for several reasons. First, Pennsylvania law does not require that a news reporter be a licensed publisher or broadcaster, or authorized to report a story by same, in order for a plaintiff to prove that she communicated the alleged defamatory statements. Second, Defendants' interpretation of "publication" in the context of a defamation claim is an overly narrow interpretation,[4] and, as explained below, contravenes Pennsylvania law.

---

[4] Defendants cite *Barrett v. Catacombs Press,* 64 F.Supp. 2d 440, (E.D.Pa. 1999) for the proposition that publication occurs when media is released or distributed for mass sale to the public, and since Cipriani did not make the decision to release or distribute the

5

In an action for defamation, Pennsylvania law imposes a burden upon the plaintiff to prove, among other things, "(1) the defamatory character of the *communication* [and] (2) [i]ts publication by the defendant." 42 Pa. Cons. Stat. Ann. §8343(a) (emphasis added). Under Pennsylvania law, the publication element of a defamation claim requires only that the alleged defamatory statement be published or communicated to a third party. *Elia v. Erie Ins. Exchange*, 634 A.2d 657, 660 (Pa. Super. Ct. 1993) (citing *Gaetano v. Sharon Herald Co.,* 231 A.2d 753, 755 (Pa. 1967)); *see also Feuerstein v. Simpson*, 582 F. App'x 93, 99 (3d Cir. 2014) (holding that sufficient evidence existed for jury to find that plaintiff published the allegedly defamatory statements where plaintiff supplied content for publication on websites). As noted by the Third Circuit in *Feuerstein*, "to 'publish' a defamatory statement merely means to communicate that statement to a person other than the person who is defamed." 582 F. App'x at 99 (citing BLACK'S LAW DICTIONARY at 1428 (10th ed. 2014) ("defining 'publish' as '[t]o communicate (defamatory words) to someone other than the person defamed.'")).

As to a false light invasion of privacy claim, plaintiff must show, inter alia, that the defendant gave *publicity* to a matter concerning the plaintiff which places the plaintiff in a false light. *See Curran v. Children's Serv. Ctr. of Wyoming Cty., Inc.*, 578 A.2d

---

television broadcast or post the article on the website, she could not have published the allegedly defamatory statements. This argument totally misses the mark. The *Barrett* court's discussion focused solely on *when* publication occurred (i.e., when media is released or distributed for mass sale to the public) in determining the triggering event for the statute of limitations in a libel case. 64 F. Supp. 2d at 446. In any event, *Barrett* is not binding on this Court.

8, 12 (Pa. Super. Ct. 1990) (emphasis added) (quoting RESTATEMENT (SECOND) OF TORTS, § 652E). "'Publicity,' as an element of the tort of invasion of privacy, 'means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS, § 652D, comment a).

Here, Plaintiff alleges in his Complaint that Cipriani appeared on Defendant WTAE's 5:00 p.m. and 11:00 p.m. television broadcasts on December 18, 2015, at which time she reported certain facts that Plaintiff alleges are defamatory and caused an invasion of his privacy, while video images of Plaintiff standing in a doorway were displayed. Compl., ¶¶ 13-14, 17. In addition, Cipriani and/or Defendant WTAE allegedly published an article on WTAE's website on December 18, 2015, in which Cipriani again made statements which were allegedly defamatory and placed Plaintiff in a false light. *Id.* at ¶16. The earlier television broadcast was also posted on the website, and aired again on December 19, 2015. *Id.* at ¶¶ 16, 18.

The Court finds that these allegations are sufficient, at this stage of the litigation, to at least raise an issue of fact for the jury as to whether, Cipriani's alleged participation in the television broadcast, as well as in the article published on WTAE's website, constitute publications[5] to third parties and the public at large.[6]

---

[5] Whether a publication of the alleged defamatory statement has been made by the defendant is a question of fact for the jury. *Agriss v. Roadway Express, Inc.*, 483 A.2d 456, 463 (Pa. Super. Ct. 1984).

[6] Defendants have only challenged the publication and publicity elements of the defamation and false light claims against Cipriani in support of their fraudulent joinder

7

Moreover, in conducting its own research, the Court found numerous reported cases where both the reporter and television station were named as defendants in a defamation suit that either went to trial or were decided on summary judgment. *See e.g.*, *Steaks Unlimited, Inc. v. Deaner*, 623 F.2d 264, 270 (3d Cir. 1980) (applying Pennsylvania law and affirming summary judgment for defendants in holding that plaintiff, a public figure, failed to prove that the defendants—WTAE and its investigative news reporter—broadcast false statements with actual malice as required to overcome First Amendment protection); *Bay View Packing Co. v. Taff,* 543 N.W. 2d 522 (Wis. Ct. App. 1995) (defamation suit against television anchors and reporter, television station and Hearst Corporation was dismissed on summary judgment because plaintiff was a public figure and it failed to raise a genuine issue of material fact that the TV defendants acted with actual malice). Although it is unclear as to whether the defendants in these cases challenged the defamation claim against the reporters on the same basis raised here, the fact that the reporters moved for summary judgment which was granted in their favor on other grounds leads this Court to conclude that such argument was either not previously raised or, if raised, was found to lack merit. Thus, these cases lend further support to this Court's conclusion that Plaintiff's claim against Cipriani is not "wholly insubstantial and frivolous."

---

argument. Thus, the Court's ruling on the fraudulent joinder issue is limited to those elements. Similarly, Defendants have not argued that the alleged defamatory statements were privileged, and therefore, the privilege defense cannot provide a basis for finding that Cipriani was fraudulently joined.

Accordingly, the Court cannot find that Plaintiff's defamation and false light invasion of privacy claims against Cipriani are "wholly insubstantial and frivolous."[7]

Because Defendants have failed to prove that Plaintiff's claims against Cipriani are "wholly insubstantial and frivolous," they have not met their burden of showing that Cipriani was fraudulently joined as a plaintiff in this lawsuit solely to defeat this Court's diversity jurisdiction. Accordingly, this Court lacks subject matter jurisdiction over this action and will order that this case be remanded to State Court.

In light of the above findings, the Court enters the following Order:

**AND NOW, this 24th day of August, 2016, IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand ([ECF No. 8](ECF No. 8)) is **GRANTED**. The Clerk of Court is directed to remand this action to the Court of Common Pleas of Allegheny County, Pennsylvania.

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc:   All Counsel of Record
      *Via Electronic Mail*

---

[7] Equally meritless is Defendants' argument that because Cipriani is not licensed by the FCC to "broadcast" on WTAE, but simply gathers news materials that may or may not be published on WTAE or its website, she did not "publish" the alleged defamatory statements. Against, this is an overly technical construction of the term "publication" which is not supported by the case law. Anyone who communicates a false statement to a third party can meet the "publication" element of a defamation claim. Noticeably absent from Defendants' brief is any cited authority for this proposition.